IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALFRED BUENSALIDA,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-14-3533 |
| | | Criminal No. RWT-11-0061 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM OPINION**

Pending is Petitioner Alfred Buensalida's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Upon review of the papers filed, and for the reasons stated below, the Court will deny Buensalida's motion.

**BACKGROUND**

A jury convicted Petitioner of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. ECF No. 66. Application of the sentencing guidelines produced a guidelines range of 262 to 327 months in prison. ECF No. 88 at 6. However, the Court imposed a significantly shorter sentence of 180 months in prison. Petitioner's attorney filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Petitioner filed a *pro se* appellate brief. The Fourth Circuit upheld Petitioner's conviction and sentence. *United States v. Buensalida*, 537 Fed. App'x. 226 (4th Cir. 2013).

On November 10, 2014, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255.[1] ECF No. 100. In his motion, Petitioner argues that he suffered from ineffective assistance of counsel in two respects: (i) that his attorney had an "actual conflict of interest" because he

---

[1] Petitioner filed a Motion for Extension of Time to File 28 U.S.C. § 2255, ECF No. 99, but subsequently timely filed his motion.

advised Petitioner to accept a plea deal rather than go to trial, *id.* at 2-3; and (ii) that his attorney did not object to a dangerous weapons enhancement that raised Petitioner's offense level by two levels for sentencing purposes. *Id.* at 3-9.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* analysis requires a defendant to make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94. When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### I.     Counsel Did Not Have a Conflict of Interest

Petitioner argues that his attorney had an "actual conflict of interest," and accordingly that he need not demonstrate prejudice.  ECF No. 100 at 2-3 (citing *Derrington v. United States*, 681 A.2d 1125, 1132-33 (D.C. 1996)).  Petitioner's attorney did not have a conflict of interest, and the cases Petitioner cites reveal the error in his analysis.  In this context, an "actual conflict of interest" refers to a situation in which *another client or former client* of the attorney has interests that conflict with the interests of the defendant.  *Derrington*, 681 A.2d at 1136 (determining "that the *dual representation* in this case created an actual conflict of interest") (emphasis added); *see also Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) (noting that "unconstitutional *multiple representation* is never harmless error") (emphasis added).  There is no indication that another client or former client of Petitioner's attorney had interests in conflict with Petitioner.  Rather, the "conflict of interest" Petitioner alleges is that his attorney strongly advised him to accept a plea deal instead of going to trial.  ECF No. 100 at 2.  That is not a conflict of interest – that is an attorney doing his job.

An attorney serves dual roles for a client: he is an advocate in the courtroom, and an advisor behind closed doors.  It was incumbent upon Petitioner's attorney, in his role as advisor, to give Petitioner candid advice regarding what he considered dim prospects for success at trial.  That Petitioner's attorney gave him this advice did not foreclose him from acting as an effective advocate at trial if Petitioner decided not to accept a plea deal.  To hold otherwise, without more,

would prevent attorneys from providing the honest, forthright advice that is the backbone of the attorney-client relationship.[2]

Moreover, even assuming there was some deficiency in the trial performance of Petitioner's attorney, there is no prejudice on these facts. The evidence against Petitioner was overwhelming. The government had wiretap recordings of Petitioner arranging drug deals, testimony from cooperating witnesses, and Petitioner's own post-arrest confession.[3] ECF No. 102-4.

### II.     Counsel's Performance at Sentencing was Effective

As noted above, Petitioner received a sentence that was below the low-end of his guidelines range by nearly seven years, yet he argues that he received ineffective assistance of counsel because his attorney did not argue against a two-level firearm enhancement to his offense level. ECF No. 100 at 4.

An attorney is not required to advance every single argument that might be made on a client's behalf, particularly where an argument is unlikely to succeed. Time is not a limitless resource. Time spent pursuing and articulating one argument has the necessary opportunity cost of reducing the time available to pursue and articulate other arguments. An attorney who spends time advancing weaker arguments at the expense of failing to fully flush out stronger arguments does his client no favors.

Here, Petitioner's attorney determined that successfully arguing against the gun enhancement would have been futile; a gun had been found in Petitioner's residence at the time

---

[2] In addition, Petitioner does not specify what aspect of his attorney's trial performance was deficient as a result of his attorney's advice that Petitioner accept a plea deal. This is also fatal to his claim. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir.1992) ("[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"), *abrogated on other grounds*, *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

[3] Petitioner's attorney attempted to suppress the wiretap recordings and Petitioner's confession. ECF Nos. 15, 27.

of his arrest, and there were photographs on his phone of guns. Moreover, the argument would have, in the unlikely event it had been successful, reduced the low-end of Petitioner's guideline range by 52 months, from 262 months to 210 months, still higher than the sentence he actually received. On these facts, Petitioner can show neither incompetence of representation nor prejudice.

Instead of advancing Petitioner's dubious firearms enhancement argument, Petitioner's attorney argued that the ends of justice would not be served by imposing a guidelines sentence in this case. This line of argument not only had the benefit of being more likely to succeed, but also promised a more drastic reduction in sentence if successful; it was that rare decision that had less risk and more reward. Indeed, advancing this argument paid off. Despite the government's request that Petitioner be sentenced within the guidelines range, the Court, concluding that a guidelines sentence would be excessive, sentenced Petitioner to a sentence that was 82 months less than the low-end of his guidelines range, and 30 months less than the guidelines range Petitioner now argues his attorney should have argued for.

Petitioner also cannot possibly show prejudice on these facts, for obvious reasons. The Court concluded that a guidelines sentence was excessive, and imposed a sentence that it felt accurately reflected the goals of sentencing. The reduction in offense level Petitioner now seeks would have had no effect on his ultimate sentence.

## CERTIFICATE OF APPEALABILITY

Buensalida may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Buensalida has made a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Buensalida's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Buensalida's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Martin's motion will be denied and no certificate of appealability shall issue. A separate Order follows.

Date: July 28, 2015                                        /s/
                                                                                 ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE